UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JACK R WADSWORTH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00310-WTL-MJD |
| | ) | |
| JACKIE L. WEST-DENNING Dr., | ) | |
| Provider/Physician, | ) | |
| WEXFORD HEALTH SERVICES, | ) | |
| KIM HOBSON Medical Director for Wexford | ) | |
| Health Service, | ) | |
| WILLIAM VAN NESS Chief Medical Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Leave to Proceed *In Forma Pauperis*,
Screening Complaint, Dismissing Deficient Claims,
and Directing Issuance and Service of Process**

**I. Motion for Leave to Proceed *In Forma Pauperis***

Plaintiff Jack R. Wadsworth, Jr.'s, motion for leave to proceed *in forma pauperis*, Dkt. No. 2, is **granted**. The Court finds that plaintiff does not have the assets or means to pay even an initial partial filing fee. Because the Prison Litigation Reform Act mandates that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee, 28 U.S.C. § 1915(b)(4), plaintiff will be granted a waiver of payment of the initial partial filing fee in this case. He is still obligated, however, to pay the full three-hundred fifty dollar ($350.00) filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

## II. Screening of the Complaint

### A. Legal Standard

Because plaintiff is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### B. Plaintiff's Claims

Plaintiff alleges that he suffered a shoulder injury in 2012 while an inmate at the Indiana State Penitentiary. He received treatment there and was transferred to the New Castle Correctional

Center for physical therapy. There he was told that physical therapy would not help his shoulder and that he needed an MRI to assess the "true damage" and surgery to repair it. Thereafter he was transferred to the Wabash Valley Correctional Facility, where his instant claims arise.

In April, 2018, plaintiff saw defendant Dr. Jackie L. West-Denning to complain of severe pain in his shoulder. He alleges that Dr. West-Denning x-rayed the shoulder but did nothing further. After a correctional officer re-injured his shoulder, he again saw Dr. West-Denning who manipulated the shoulder until it "popped" loudly. An x-ray again showed no "damage," but Dr. West-Denning later told plaintiff that he had arthritis and an MRI would do nothing for him, and denied him any further treatment. Plaintiff alleges he is still in pain, his shoulder is not being treated, and he cannot obtain proper treatment from Dr. West-Denning.

Plaintiff's complaint asserts three claims: First, he contends the defendants have used unsafe technical skills or "inappropriate interpersonal behaviors" in providing medical care, and cites to various Indiana statutes. The result of Dr. West-Denning's "unethical and unprofessional" conduct, plaintiff contends, is that he has been denied access to competent medical treatment. Second, he contends the defendants have abandoned or knowingly neglected patients requiring medical care. Plaintiff adds that Dr. West-Denning's supervisor, defendant Kim Hobson, fails to supervise Dr. West-Denning and allows her do "do or say whatever she feels like." Third, he contends that when he went to the prison infirmary, Dr. West-Denning twisted his arm, declared his shoulder was not dislocated, and ordered an x-ray. He seeks monetary damages, an MRI, adequate pain medication, and repair of his shoulder.

C. Analysis

Proceeding under 42 U.S.C. § 1983, plaintiff states an Eighth Amendment claim against defendant Dr. Jackie L. West-Denning for deliberate indifference to his serious medical needs. A

3

plaintiff inmate's claim that he has received inadequate medical treatment while incarcerated is a claim that his Eighth Amendment right to be free from cruel and unusual punishment has been violated. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To establish deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show that he suffered from an objectively serious medical condition, and that a defendant medical provider subjectively disregarded the risk to his health. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Applying these standards, the Eighth Amendment claim against Dr. West-Denning **shall proceed**.

The **complaint is dismissed against defendants Wexford Health Services and William Van Ness**, who are named only in the caption. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994) (district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution).

The **complaint is also dismissed against defendant Kim Hobson**. Plaintiff's assertions against defendant Hobson are that she is Dr. West-Denning's supervisor and allows the doctor to do and say what she wants. No allegations of deliberate indifference to plaintiff's serious medical needs are made against defendant Hobson. Mere "knowledge of a subordinate's misconduct is not enough for [Section 1983] liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc); *Chavez v. Illinois State Police*, 251 F.3d 612 (7th Cir. 2001) (supervisor not liable for subordinate's actions unless personally involved in the actions). Moreover, there is no allegation

that defendant Hobson wanted or directed the alleged deliberate indifference to occur, instead merely an assertion that defendant Hobson allowed Dr. West-Denning to make her own medical decisions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009) (no vicarious liability in Section 1983 cases even where supervisor knows of subordinate's misconduct); *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009). The supervisor can be liable only if she wants the harmful conduct to occur. *Iqbal*, 556 U.S. at 677.

In summary, the Eighth Amendment deliberate indifference to plaintiff's serious medical needs claim against Dr. West-Denning **shall proceed**. This is the only viable claim and defendant the Court discerns in plaintiff's complaint. **All other claims and defendants are dismissed**. Should plaintiff believe the Court has overlooked a defendant or claim, he shall bring such matter to the Court's attention no later than **August 24, 2018**.

### III. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Dr. Jackie L. West-Denning in the manner specified by Rule 4(d). Process shall consist of the complaint, Dkt. No. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

### IV. Obligation to Update Address

The Court must be able to communicate with pro se parties through the United States mail. While this action is pending, plaintiff shall report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court informed of a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

## V. Summary

In summary, the Court has (1) **granted** plaintiff's motion for leave to proceed *in forma pauperis*, Dkt. No. 2, and not assessed an initial partial filing fee; (2) screened the complaint and allowed plaintiff's **Eighth Amendment claim to proceed** against defendant Dr. Jackie L. West-Denning; (3); **directed the issuance and service of process** pursuant to Fed. R. Civ. P. 4; and (4) **dismissed the complaint against all other defendants**. The **clerk is directed** to update the docket to reflect that Dr. West-Denning is the only defendant.

**IT IS SO ORDERED**.

Date: 7/23/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jack R Wadsworth, Jr.
954819
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Dr. Jackie L. West-Denning
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
Carlisle, IN  47838

Courtesy Copy to:

> Douglass R. Bitner
> Katz Korin Cunningham PC
> 334 N. Senate Avenue
> Indianapolis, IN  46204
> dbitner@kkclegal.com